My name is James Dodd-Bennett, and I'm here to represent the petitioner in this case, Affirmin Mejia Hernandez. And I'd like to reserve two minutes for rebuttal. We've got essential issues in this case. First of all, raised by respondents is whether Burbano, the scope of the review, are we reviewing the immigration judge's decision and the BIA or simply the BIA decision, whether Burbano, by citing it for one issue, sprinkles pixie dust over the entire decision and makes it strictly a BIA – strictly a mixed review. Second issue is whether there was – Did you argue that in your brief? I'm sorry, Your Honor? Did you discuss that question about whether Burbano applied to – made this – It was raised by the government in its – in its brief. And so I'd be prepared to address that issue briefly here. Second issues would be whether the definition of an arrival and how it interfaces with the statutory and the regulatory scheme in this case. And the alternative, whether this Court has review – has, excuse me, jurisdiction to review under Ramadan cited by the government of the changed country circumstances and under Singh as to the issue of law under the regulation as to post-departure, if you will, conditions in the United States. In other words, his requirement to send remittances in order to make his – for survival. Finally, then, the question is whether we have an issue of persecution here or not. It's our – my – our position is that the BIA, since it upheld the decision on persecution, simply limited its analysis to persecution. That appears to be from the decision. And then finally, whether there's a cat claim in this case. First, addressing Burbano. At 874, Burbano basically just says the BIA's got its own independent jurisdiction to review and – but it can adopt and affirm the immigration judge's decision. If it does that, then the decision – the decision is based on the immigration judge's decision and the review is of both decisions. In this particular case, they do invoke Burbano specific – but specifically for only one issue, and that issue would have – is the issue of the arrival, in other words, the construction of the statute and the regulations. As to the – it does agree with the changed country circumstances decision of the immigration judge and agree on the cat claim, but it's – but turning to the withholding issue, it upholds it and then has a brief discussion as to persecution. Ordinarily, I would say that. Why do you say that? So it – the BIA decision says we adopt and affirm the immigration judge's determination that the Respondent's application for asylum is time-barred and that he did not present any changed or extraordinary circumstances to excuse the filing de la Cie matter of Burbano. So I don't read that as only about your argument about the wording of the statute and whether he's an arriving alien. It seems to be about whether there are changed circumstances and whether it's time-barred, too. I think because of the limitation of the language of limitation. I think under some of the precedents in this circuit, I know Abebe just says if you invoke, then the whole thing is subject to dual review. But it seems like they've invoked at least for almost everything we need to think about here, right? I'm sorry? They invoked Burbano for almost every issue that is at issue in this appeal. Essentially, the issue is almost not that important because the decisions mirror each other so closely anyway. The only question is, is how much gets reviewed on the withholding claim? Do we simply – is it simply an issue of whether the BIA has decided that there's no persecution end of story or whether we go through all the issues, the two additional issues? But what's your best argument that you're entitled to review? Frankly, my argument, the main thrust of this case is that he should have had an asylum hearing based under the statutory structure and the interface with the regulations in this case. When you look at the statute, the statute says when you're – no matter how you get here, you can apply for asylum. But the trigger for the statute that's – the bar says one year of the alien's arrival. Well, arrival is not defined. Aliens defined by the INA means a non-citizen, essentially. But arrival is not defined. So then the question is, is how does the Attorney General – how has he construed arrival in order for the trigger to work? You look through the regulations and the administrative decisions cited by the opinions, they basically define temporarily when the arrival occurs. It doesn't describe what is an arrival. The only definition of an arrival in the entire regulatory scheme in support of the statute, since there's no controlling statute, is that very same 101 – 1001.1Q, which basically defines an arriving alien at a port of entry, and then there's some other exceptions. But the phrase arriving alien isn't in the statute that gives us the one-year time limit, right? That exact phrase, arriving alien. Well, when you look at the statute, the statute for the trigger to work says alien's arrival. One year of the alien's arrival. What does arrival mean? So if it's ambiguous, don't we need to defer to the agency's interpretation and isn't alien's arrival pretty reasonably interpreted as when the person got here? Well, under Christensen, if it's unambiguous, which I think in this case it's quite unambiguous, they clearly tell you what an arriving alien is under that regulation and define it as such, then there's no deference. Counsel. Well, I – your argument is that you can't be an arriving alien unless you're presenting yourself to the – to a border station? Is that what – is that what your contention is? Well, what I'm saying is, is there's got to be a presentation at the border, an application at a point of entry, or interdict, and there's a couple of other exceptions that don't apply to this case. But in this case, that's not the case. He didn't present himself at a point of entry. I think the record's pretty clear on that. So if he doesn't do that, he doesn't fit within the definition. So there's no time that the statute begins to run? Is that where we go? Well, it's the Attorney General's construction, and based on his own regulation. It's his own petard that he's created. It's not like I'm a gang of aliens. Okay. Counsel, let me ask you two questions related to that. First, why would Congress or the Attorney General want to set up a regime where if someone sneaks into the country, they could wait forever to file for asylum, while if someone who follows the law and presents himself would only have a year? That's question number one. And then question number two is, for the position you're advocating, are you aware of any Federal court decision anywhere that adopts the reading that you're asking this Court to adopt? Because it would be much easier for us to adopt it if we've seen other courts actually play this out. But I'm not aware of any court that's done that. I am not either. Okay. This is pure statutory regulatory interpretation. If you apply the standards that are imposed by the Supreme Court in terms of analyzing a statute and a regulatory system, that's the only conclusion you can come to. Could I ask? If he wants to correct it, he can. I mean, if the Attorney General wants to change it, all he has to do is promulgate regulations under 101a.g.2. And he hasn't done that. So assume we're not convinced by this, or at least I'm not convinced by this argument, so I need to find out whether there were changed circumstances to figure out whether he can actually get past this one-year bar. Where in the record is there evidence of changed circumstances since his or since 2007? I'm looking at the changed country circumstances, and it's a question of degree, not a kind. I mean, his testimony, everybody latches, the BIA and the immigration judge latch onto his statement. Oh, well, if I go back, the same thing will happen. Well, the question is, is it more in degree? So where's the evidence that it's a higher degree? For the bus drivers, my social group, which would be bus drivers basically forced to go into this kind of occupation to make ends meet in their traditional farm community, be it 242 through 270, those clearly discusses the ratcheting up of violence. Could you point to a specific page where it talks about the violence against bus drivers getting worse? Yes. That's secondary evidence indicating a ratcheting up ever since after his arrival of gang activities, which now are permeating the government according to the expert witness testimony in the brand article that's 173 through 240 in the CAR. You've got a ---- But is there anywhere that it says the violence against bus drivers has gotten worse since 2007? I believe those articles would clearly state that. So we will ---- I didn't see anything that said they were worse, that the violence was worse. There's certainly continuing violence, but anything that says it's actually worse than when he arrived in this country, I didn't see it. I'm wondering if you can point to a specific page. Well, that would be the argument right there. I've got 14 seconds, if I could reserve them for rebuttal. Certainly. You may. Good afternoon. May it please the Court. Lisa Morinelli on behalf of the Attorney General. The Court should dismiss part of this petition because under 8 U.S.C. section 1158A3, it lacks jurisdiction to review the Board's determination that Petitioner's asylum application was untimely filed. Petitioner's attempt to manufacture a legal question misreads the one-year statute in which Congress did not include the term arriving alien. The Court also lacks jurisdiction to review the agency's determination that Petitioner did not establish eligibility for an exception to the one-year filing bar because the case involves disputed facts. Further, the Court should deny the remainder of the petition because the record does not compel the finding that Petitioner established a nexus between the harm he suffered and a ground protected by the Immigration and Nationality Act. Rather, as the agency concluded, Petitioner's desire to be free from harassment by criminals motivated by theft bears no nexus to a protected ground. So you said that we don't have jurisdiction to review the changed circumstances finding, but there is evidence, at least of continuing violence. So why isn't it a mixed question whether that evidence is enough to show changed circumstances? Why don't we have jurisdiction under Ramadan? It is our position that the immigration judge and the Board would have a different view of the facts than the Petitioner does about the reasons for why he chose to file for asylum. The immigration judge and the Board were both looking to the fact in his testimony and highlighting the facts that he didn't initially apply because he was worried about being removed from the country. And there was also questioning about what would happen when he returned to Guatemala, and that's what the immigration judge, the facts that they were relying on in making the determination whether or not there were exceptional circumstances or changed conditions. Petitioner is relying on the facts about the country conditions and highlighting those as the reasons why there were not changed circumstances. But the BIA has to look and the IJA have to look at the evidence he submitted, right? So he did submit that evidence of the circumstances in Guatemala. So wouldn't it be a mixed question whether that was enough? That would be – that might be a question here, but our position is the focus should be on that there's a dispute in the reasons. It's not that the immigration judge or the Board would dispute the fact that those country conditions are in the record, but the focus on the reason for looking at the exceptions to the one-year bar. And the immigration judge and the Board made the focus on the fact that he didn't initially apply because he was worried about going back to Guatemala. If the Court would find that it has jurisdiction to review that exception, we would agree with Your Honor's statement about how the country conditions in the record do show that the country conditions – there is not evidence the country conditions have changed or a particular date when that would have changed. When is it that the – he would have had to file within one year of what exact date, et cetera? Unless you have anything to add, I don't think the panel has any more questions. If there are no further questions, the Government would respectfully request that this petition for review be dismissed in part and denied in part. Thank you. Thank you, counsel. I think you said you had 14 seconds, but I think we can go to 30 seconds. Yes, just briefly on the withholding claim. I'd just like to add, based on the other two issues that I don't believe were addressed by the BIA specifically, we have a social group in this case, which is Voluntary Association, and under Enrique Rivas, we've got a perception problem. This is where you've got a gang that's targeting a specific group, a specific occupational group. Then under Freya, I think we still do have a question of a persecutor clearly established, because I think the secondary evidence clearly shows, and the facts actually, clearly show that the police are not doing anything about controlling this gang. The social group is what? I'm sorry? The social group is what? The social group. Oh, social group. I'm sorry. In this particular case, a voluntary association, based in being dressed bus drivers. These are peasants that can't make a living. Their economy is collapsing. They're going outside to employ. If it was just construction or something that was amorphous, fine. This is a specific group, bus drivers. Okay. Thank you. All right. Thank you, counsel, very much. The matter has been submitted.
judges: SCHROEDER, OWENS, FRIEDLAND